# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BUSTER REED, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 14-3548-CV-S-BCW-P ) |
| ROBERT WILLS, | ) ) |
| Respondent. | ) |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, a convicted state prisoner currently confined at the Sexual Offender Rehabilitation and Treatment Services Unit in the Southeast Missouri Medical Health Center in Farmington, Missouri, has filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2013 adjudication and commitment as a sexually violent predator.

Petitioner asserts two (2) grounds for relief: (1) petitioner's right to due process was violated when the state's expert "was permitted to testify to a definition of 'mental abnormality' that was contrary" to Missouri law; and (2) there was insufficient evidence to support his conviction. Doc. No. 1, pp. 5, 7. Respondent contends that both grounds are without merit.

## FACTUAL BACKGROUND

Petitioner was determined to be a sexually violent predator in accordance with Mo. Rev. Stat. § 632.480 on February 6, 2013, in the Greene County Circuit Court in Springfield, Missouri. The Missouri Sexually Violent Predator Act directs that sexually violent predators be committed to the custody of the Department of Mental Health for care, custody, and control. The Missouri statutes provide for a release procedure when individuals meet statutory criteria. *See* Mo. Rev. Stat. §§ 632.489, 632.501, 632.505. Petitioner filed a direct appeal of his commitment on May 19, 2014, which was denied. Resp. Ex. H; Resp. Ex. I.

# GROUND 1

In Ground 1, petitioner alleges that the trial court violated his due process rights when the State's expert allegedly testified to an improper definition of "mental abnormality." Doc. No. 1, p. 5. This claim was presented to the Missouri Court of Appeals, Southern District, which denied relief as follows:

> Point I involves an objection and court ruling during testimony by the State's expert witness, Dr. Leavitt:
>
> Q. Turning to the idea of a mental abnormality, what does Missouri law require you to look at to determine if someone has one of those?
>
> A. Well, the definition is that a mental abnormality, which is a legal term, a legal definition of mental abnormality is that it's an emotional, an acquired -- or I should say an acquired or environmental condition that -- excuse me, acquired or hereditary condition that affects one's emotional or volitional capacity to a degree which predisposes an individual to engage in acts that would make himself a menace to the safety and welfare of –
>
> MR. BANKS: Your Honor, I object. May we approach, please?
>
> As relevant here, defense counsel (Mr. Banks) then objected that
>
> Dr. Leavitt is misstating the law in Missouri. Nothing in our definition of mental abnormality has anything to do with being a menace to society. So, I would ask that the witness get the definition right and then the jury be instructed that that was not a correct definition of Missouri law.
>
> MR. SCHLOTZHAUER: That is what is stated in the statute, but Mr. Banks is correct in that the Supreme Court decision in Thomas versus State changed that last line to say serious difficulty controlling behavior. So, I mean, it's right and it's wrong.
>
> MR. BANKS: There's nothing in the current statute about being a menace.
>
> THE COURT: All right. The objection is overruled. The attorney for the State should endeavor to make sure the witness quotes the law precisely to the extent he needs to quote the law to tell the jury the standard to which he was evaluating the Respondent. Beyond that,

2

>it can be covered in cross-examination. The request to instruct the jury
>is denied. Anything further?
>
>>MR. BANKS: No, Your Honor.
>>
>>THE COURT: Okay. We will be off the record.

**PROCEEDINGS RETURNED TO OPEN COURT**:

>>THE COURT: Mr. Schlotzhauer.
>>
>>MR. SCHLOTZHAUER: Thank you.
>
>Q. (By Mr. Schlotzhauer) Doctor, we were talking about the Missouri definition of a mental abnormality. Does that condition under mental abnormality have to predispose the person to commit sexually violent offenses?
>
>A. Yes.
>
>Q. And does it have to cause them serious difficulty controlling their behavior?
>
>A. Yes.

[Petitioner]'s complaint about this ruling fails for several reasons. His counsel's twice-stated objection that "menace" plays no part in the statutory definition was not correct. On that basis alone, the court did not abuse its discretion in ruling as it did.

The *Thomas* case cited at trial and by [petitioner] on appeal did not purport to limit or strike down any statute, or involve witness testimony (as here), but perceived that federal due process required revision of MAI's verdict director in SVP cases. Here, however, [petitioner] makes no claim that this jury was improperly instructed and we see no reason to deviate from the usual presumption that jurors follow the trial court's instructions. *See, e.g.*, *State v. McFadden*, 391 S.W.3d 408, 424 (Mo. banc 2013).

We could not say Dr. Leavitt's testimony was materially "wrong" in any event. [Petitioner] does not challenge that testimony as a whole, just the few words immediately before his attorney objected and cut Dr. Leavitt off mid-sentence, preventing him from finishing whatever he would have said. Without criticizing counsel's timing, his "menace" objection was incorrect as noted above, and Dr. Leavitt addressed *Thomas* concerns (so to speak) immediately after the objection was overruled.

3

> Finding neither abuse of discretion nor prejudice in this proper, garden variety ruling by the trial court, we deny Point I.

(Resp. Ex. I, pp. 2–4) (footnotes omitted).

In order to raise a claim that testimony violated the Constitution's Due Process Clause, petitioner must show an error that "resulted in a trial so fundamentally unfair as to violate due process." *Pickens v. Lockhart*, 714 F.2d 1455, 1454 (8th Cir. 1983) (*citing Cooley v. Lockhart*, 839 F.2d 431, 432 (8th Cir.1988)); *see also Ford v. Armontrout*, 916 F.2d 457, 460 (8th Cir.1990). "The habeas petitioner must establish an error which demonstrates a violation of due process by a burden much greater than that required on direct appeal and even greater than the showing of plain error." *Mendoza v. Leapley*, 5 F.3d 341, 342 (8th Cir.1993); *Schneider v. Delo*, 890 F.Supp. 791, 835 (E.D. Mo. 1995).

Petitioner has failed to "show that the alleged error rendered the entire trial fundamentally unfair - that there is a reasonable probability that the error complained of affected the outcome of the trial - i.e., that absent the alleged impropriety, the verdict probably would have been different." *Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir. 1999) (citing *McDaniel v. Lockhart*, 961 F.2d 1358, 1360 (8th Cir. 1992)), *cert. denied*, 528 U.S. 1097 (2000). Because petitioner makes no showing that his due process rights were violated and because federal habeas review is narrow and limited as set forth in 28 U.S.C. §2254(d)(1) and (2), Ground 1 will be denied.

## GROUND 2

In Ground 2, petitioner alleges that the trial court erred by denying his motion for acquittal during trial because there was insufficient evidence to allow the case to go to the jury. Doc. No. 1, p. 7. A federal habeas court may not overturn a state court decision regarding a sufficiency of the evidence challenge simply because it disagrees with the state court; a federal court may only overturn the decision if it was "objectively unreasonable." *Cavazos v. Smith*, 132 S. Ct. 2, 3 (2011). The

4

Missouri Court of Appeals, Southern District, considered petitioner's argument of insufficient evidence and denied relief:

> We reject [petitioner]'s claim that the State failed to prove his likelihood "to engage in predatory acts of sexual violence if not confined," *see In re O'Hara*, 331 S.W.3d 319, 319-20 (Mo.App. 2011), because
>
>> our review is limited to determining whether the evidence was sufficient to convince twelve reasonable jurors that [petitioner] was likely to re-offend unless confined. We will reverse only if there is a complete absence of probative fact in support of the jury's conclusion. We view the evidence most favorably to the jury verdict and disregard all contrary evidence and inferences.
>
> *Id*. at 320 (citations omitted).
>
> Dr. Leavitt testified without objection that [petitioner] "is more likely than not to commit future acts of sexual predatory violence if not confined to a secure facility" and "is a sexually violent predator under the Missouri statute and sexually violent predator law," and cited test results and other support for his expert opinions. "This alone precludes us from finding a complete absence of probative fact to support the verdict, or that twelve reasonable jurors could not find from the evidence that [petitioner] was likely to re-offend." *Id*.
>
> [Petitioner]'s criticism on appeal of Dr. Leavitt's testimony
>
>> misses the distinction between *admissibility* of expert testimony and *submissibility* of a case based thereon. If a question exists as to whether proffered expert testimony is supported by a sufficient factual or scientific foundation, the question is one of *admissibility,* which must be raised by a timely objection or motion to strike. Once an expert opinion has been admitted, as any other evidence, it may be relied upon for purposes of determining the *submissibility* of the case.
>
> *Id*.
>
> [Petitioner] implicitly invites us to reweigh the evidence, which we cannot do. *In re Morgan*, 398 S.W.3d 483, 490 (Mo. App. 2013). Likewise, jurors did not have to accept the views of [petitioner]'s expert. *Id*. Conflicting opinions from Dr. Leavitt and [petitioner]'s expert represented "'nothing more than a factual issue for the jury to resolve in determining which expert opinion to credit in making its decision.'" *Id*. (quoting *Turner v. State,* 341 S.W.3d 750, 754 (Mo. App. 2011)).

> Dr. Leavitt's testimony "was sufficient to allow a reasonable juror to find by clear and convincing evidence that [petitioner] was a SVP." *Id.* (citing *O'Hara,* 331 S.W.3d at 320). We deny Point II and affirm the judgment.

(Resp. Ex. I, p. 4–5) (emphasis in original) (footnotes omitted).

The Missouri Court of Appeals' resolution of petitioner's claim that there was insufficient evidence to send his case to the jury was not based on an unreasonable determination of the facts or on a misapplication of federal constitutional law. *See* 28 U.S.C. 2254(d)(1) and (2); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (constitutional standard for judging sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). "In applying this standard, '[t]he scope of our review for a collateral challenge to the sufficiency of the state's evidence is extremely limited . . . We must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and we must defer to that conclusion.'" *Sexton v. Kemna*, 278 F.3d 808, 814 (8th Cir. 2002) (citing *Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir. 1994)), *cert. denied*, 537 U.S. 886 (2002).

The finding of the Missouri Court of Appeals is reasonable, entitled to deference, and supported by the record. At trial, the state adduced testimony from a mental health expert, who opined that petitioner met each of the elements of Missouri's Sexually Violent Predator law (e.g., (1) petitioner previously has committed a sexually violent offense as defined by Missouri law; (2) the presence of a mental abnormality which causes petitioner serious difficulty controlling his behavior; and (3) sufficient future risk—that is that petitioner is more likely than not to commit a future act of sexual predatory violence unless confined to a secure facility). Because the appellate court's ruling did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* U.S.C. § 2254(d)(1) and (2), Ground 2 will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

 /s/ Brian C. Wimes
 BRIAN C. WIMES
 UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: May 6, 2015.